Thomas Boyle, Plaintiff-Appellant, v. The Retirement Board of the Sanitary District and Benefit Fund, Thomas A. O'Brien, et al., Defendants-Appellees.

Gen. No. 51,863.

First District, Third Division.

February 1, 1968.

Michael F. Sheehan, Jr., of Chicago, for appellant.

George A. Lane and Andrew A. Farenga, of Chicago (Fred Herzog, of counsel), for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Thomas Boyle, an employee of the Metropolitan Sanitary District of Greater Chicago, was a candidate for member of the Board of Trustees of the District's Employees' and Trustees' Annuity and Benefit Fund (commonly referred to as the Retirement Board). He was defeated and contested the result because absentee ballots were cast and counted in the election. The trustees of the Retirement Board, who had jurisdiction over the election, heard his complaint and rejected his claim. He appealed to the Circuit Court under the Administrative Review Act and the court affirmed the decision of the trustees. He has again appealed and the primary question here is whether the adverse decision was contrary to law and to the manifest weight of the evidence.

The evidence at the hearing established that: It had been the practice for many years to mail absentee ballots to employees who were on vacation, who would not be at work or who otherwise would be unable to vote in person on the day of election. This procedure was followed in the election of October 19, 1965, in which Boyle was a candidate. Boyle knew that ballots were being mailed as usual, did not protest and replied in the negative when

34

asked if there were persons to whom he wished absentee ballots mailed. Six days prior to the election, he requested the rules for conducting the election and the clerk of the Retirement Board gave him a copy of the rules, eight in number, which had been prepared for the election of October 19th. None of the eight rules pertained to absentee voting. Boyle was a poll watcher at the election; he did not protest the votes which were cast or counted; he agreed that the ballots could be destroyed and congratulated the victor. He was defeated by 25 votes. If the absentee ballots had not been counted he would have won the election because 108 of these ballots were cast for his opponent and 13 for him.

■ Boyle's contention is that the absentee ballots were void because the written rules formulated for the election did not provide for absentee voting. Members of the Retirement Board are elected under the provisions of Article 13 of the Pension Code, chapter 108½, Illinois Revised Statutes 1965, and Boyle predicates his contention on section 13–181 of the Act. It is, in part, as follows:

> "In each year, the board shall conduct a regular election, under rules adopted by it, at least 30 days prior to the expiration of the term of the employee member whose term next expires, for the election of a successor for a term of 3 years."

Boyle construes this language to mean that the rules under which an election is conducted must be adopted at least 30 days prior to the election. He misreads the statute. It does not state that rules must be adopted at least 30 days prior to an election. It states that an *election* must be conducted at least 30 days prior to the end of the term next expiring. The statute provides that an election must be conducted under rules adopted by the board, but it does not say when these rules must be adopted.

██ ██ Boyle argues that he should have been able to rely on the rules given him by the clerk of the Retirement Board. There is no evidence that these rules were intended to be all-inclusive or that by adopting particular rules for the election of October 19, 1965, the board meant to exclude general rules that may have been adopted theretofore or traditional rules which had governed such elections in the past. Boyle was aware that it was customary for the ballots of absentee voters to be cast and counted and he was aware that they were to be cast and counted in the election at which he was a candidate. If he had an objection it should have been voiced before the election.

Section 13–181 also states:

> "At any such election . . . any employee at the time any such election is held shall have the right to vote."

By providing absentee ballots for employees who were ill, on vacation or whose hours of work made it impossible for them to cast their ballots at the five designated polling places, the board was observing the letter as well as the spirit of this statute. To have done otherwise would have disenfranchised the 121 employees who voted by absentee ballot.

. The decision of the trustees of the Retirement Board was in accordance with the law and the evidence and the order of the Circuit Court sustaining that decision is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.